UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERENCE WINBOURNE, ET AL.** | * | **CIVIL ACTION NO. 18-1177** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **WILSHIRE INSURANCE CO., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Rule 12(b)(6), filed by Defendant M.J. Kelly of Arkansas, Inc. ("MJ Kelly"). [doc. # 9]. The motion is unopposed. For reasons set forth below, it is recommended that the motion be **GRANTED**.

## Background

On July 18, 2018, Plaintiffs Terence Winbourne and David Carroll, d/b/a the Daiquiri Shack[1] ("Plaintiffs") filed a "Petition for Amount Due Under Contract of Insurance, Penalties, and Attorney's Fees" in the 6th Judicial District Court, Parish of Tensas, State of Louisiana, against Defendants Wilshire Insurance Company ("Wilshire") and MJ Kelly. (Petition, [doc. # 1-2]). Plaintiffs claim that, pursuant to La. R.S. 22:658 and La. R.S. 22:1220,[2] they are entitled to a sum due under their insurance policy to cover the costs related to the destruction of their commercial building, which defendants have refused to pay. (*Id.*)

---

[1] Other than being named in the caption of the Petition, David Carroll and the Daiquiri Shack are not referred to in the Petition and do not assert any claims.

[2] La. R.S. 22:658 has been renumbered to La. R.S. 22:1892, and La. R.S. 22:1220 has been renumbered to La. R.S. 22:1973. *See* 2008 La. Sess. Law Serv. Act 415 (S.B. 335).

Specifically, Plaintiffs claim that the defendants issued to them a policy of insurance, no. CP00200045, which purports to cover losses of commercial buildings and contents. Plaintiffs claim this policy was in full force on July 19, 2017, at which time a fire completely destroyed Plaintiffs' commercial building and contents therein. Plaintiffs claim they have performed all acts that defendants have required, and defendants are now indebted to Plaintiffs in the full amount of the policy, $600,000. (*Id.* ¶¶ 2-4).

On September 7, 2018, the defendants removed this case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (*See* Notice of Removal, [doc. # 1]). On September 14, 2018, MJ Kelly filed the instant motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims against MJ Kelly. [doc. # 9]. Plaintiffs did not file a response. This matter is now ripe.

## **Standard of Review**

Federal Rule of Civil 12(b)(6) sanctions dismissal when plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In evaluating the sufficiency of a complaint, a court must accept as true all factual allegations in the complaint, although the same presumption does not extend to legal conclusions. *See Iqbal*, 556 U.S. at 678. A court may permit a well-pleaded complaint to proceed even when "actual proof of those facts is improbable" or recovery is unlikely. *Twombly*, 550 U.S. at 556. But a court will dismiss a complaint "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## Discussion

MJ Kelly argues that Plaintiffs' claims "fail as a matter of law because MJ Kelly is not the insurer of the subject policy," and the "statutes under which Plaintiffs seek to recover contemplate recovery only as against an **insurer,** not an insurance producer such as MJ Kelly." (Memorandum in Support at 2, [doc. # 9-1]). MJ Kelly claims that Plaintiffs do not allege any "specific conduct engaged in by MJ Kelly" or "assert that MJ Kelly was a party to the subject Policy or had a duty to pay claims under the Policy," and Plaintiffs "have not, and cannot, plead any basis for liability independent of the insurance contract." (*Id.* at 3, 5). MJ Kelly also notes that throughout its Petition, Plaintiffs refer to Wilshire and MJ Kelly collectively as "defendant" without differentiating between the two entities, even though MJ Kelly acted as the wholesale insurance producer[3] in connection with the placement of the insurance policy, while Wilshire is the insurer under the policy. (*Id.* at 2). In support of its motion, MJ Kelly submits Plaintiffs' commercial insurance policy, issued by Wilshire. (Ex. A, [doc. # 9-2]).

Under Louisiana law, an "insurance policy is a contract and establishes the law between

---

[3] "'Producer' shall mean a person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance and includes all persons or business entities otherwise referred to in this Code as 'insurance agent,' 'agent,' 'insurance broker,' 'broker,' 'insurance solicitor,' 'solicitor,' or 'surplus lines broker.'" La. R.S. 22:46(13.1).

the parties." *Williams v. Synergy Care, Inc.*, No. CIV.A. 07-0137, 2008 WL 2945918, at *3 (W.D. La. July 29, 2008); *see Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). If the language of the policy is clear and expresses the intent of the parties, then the policy should be enforced as written. *Williams*, 2008 WL 2945918, at *3. An ambiguity in the policy is interpreted against the insurer and in favor of the insured. *Id.* "Courts lack the authority to vary the terms of a policy under the guise of contractual interpretation when the policy provisions are framed in clear and unambiguous language." *Id.*

The policy at issue unambiguously states that "TERENCE WINBORNE & DAVID STEVE CARROLL[,] DBA: THE DAIQUIRI SHACK" is the insured, "M J Kelly of Arkansas" is the agency, and Wilshire issued the policy. Plaintiffs' only claims against the defendants are for breach of the insurance contract. MJ Kelly is not named as an insurer under the policy, and Plaintiffs have not alleged that MJ Kelly, as the agent, is a party to the contract or that Plaintiffs have any contractual rights that MJ Kelly breached. Therefore, Plaintiffs have failed to state a claim against MJ Kelly in connection with Plaintiffs' insurance policy.

Further, La. R.S. 22:1892 and La. R.S. 22:1973 contemplate liability only against insurers. Because MJ Kelly is not the insurer under Plaintiffs' policy, Plaintiffs have no cause of action against MJ Kelly under these statutes. *See Collins v. State Farm Ins. Co.*, No. CIV A 06-6649, 2007 WL 1296240, at *3 (E.D. La. Apr. 30, 2007) ("Sections 22:[1973] and 22:[1892] impose duties on insurers and do not mention insurance agents. These statutes are penal in nature and must be strictly construed.") (citations omitted).

Accordingly, Plaintiffs' claims against MJ Kelly should be dismissed.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant M.J. Kelly of Arkansas, Inc.'s motion to dismiss under Fed. R. Civ. P. 12(b)(6) [doc. # 9] be **GRANTED** and Plaintiffs' claims against it should be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 2nd day of November 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE